THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| FERNANDO OLGUIN ESTRADA<br><br>    Petitioner,<br><br>v.<br><br>PURGATORY CORRECTIONAL<br>FACILITY, et al.,<br><br>    Respondents. | **ORDER**<br><br>Case No. 4:26-cv-00072<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Fernando Olguin Estrada's Emergency Motion to Stay Imminent Inter-District Transfer.[1]  The Motion was filed in conjunction with a Petition for Habeas Corpus.[2]  The court construes the Emergency Motion as a motion for a temporary restraining order (TRO) under Federal Rule of Civil Procedure 65.  For the reasons set forth below, the court denies the Motion.

## BACKGROUND

Estrada is an undocumented noncitizen residing in Utah.[3]  Petitioner suffers from Myositis, a chronic autoimmune disease that causes progressive muscle weakness and pain.[4] Additionally, Estrada has three children in Utah who are deaf and dependent on him for basic care and daily survival.[5]

---

[1] Dkt. 2, *Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and Emergency Motion to Stay Imminent Inter-District Transfer* (*Motion*).

[2] Dkt. 1, *Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241* (*Petition*).

[3] *Petition* at 6; *see also Motion* at 1.

[4] *Petition* at 6.

[5] *Motion* at 1.

On June 26, 2026, Estrada was detained by Immigration and Customs Enforcement (ICE) agents.[6]  He is currently held at Purgatory Correctional Facility in Utah.[7]  Estrada believes ICE intends to imminently transfer him to the Northwest ICE Processing Center in Tacoma, WA.[8]

On June 29, 2026, Estrada filed his Petition for Habeas relief.[9]  Estrada seeks an order requiring Respondents immediately release him, or in the alternative, provide him with an individualized bond hearing before an immigration judge.[10]  Estrada also filed the Motion at hand seeking the relief requested in the Petition, as well as an emergency order enjoining Respondents from transferring Estrada outside of Utah due to his medical condition.[11]

## LEGAL STANDARD

Emergency preliminary injunctive relief, such as a TRO, is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[12]  To prevail on a motion for a TRO, Rule 65 of the Federal Rules of Civil Procedure requires that a movant show "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the [TRO] is denied; (3) the threatened injury outweighs the harm that the [TRO] may cause the opposing party; and (4) the [TRO], if issued, will not adversely affect the public interest."[13]  The first two factors are the "most critical" for determining whether to grant a

---

[6] *Motion* at 1.

[7] *Petition* at 1.

[8] *Motion* at 2.

[9] *Petition.*

[10] *Id.* at 7.

[11] *Motion.*

[12] *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *see also* Fed. R. Civ. P. 65.

[13] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (citation omitted); *see also Guidance Endodontics, LLC v. Dentsply Int'l., Inc.*, 633 F. Supp. 2d 1257, 1267 (D.N.M. 2008) ("The requirements for the issuance of a TRO are similar to those for the issuance of a preliminary injunction.  The primary difference between a TRO and a preliminary injunction is that a TRO may issues without notice to the opposing party and that a TRO is of limited duration . . . .") (citing 13 Moore's Federal Practice ¶ 65.36(a) (3d ed. 2004)).

TRO.[14]  Meanwhile, the third and fourth factors "merge when the Government is the opposing party."[15]

## ANALYSIS

Estrada argues the court should enjoying Respondents from transferring him to the detention facility in Washington because "[a]n administrative transfer that intentionally cuts off a civil detainee from his established localized medical specialists, destroys his access to regional evidence, and severs all contact with his profoundly disabled, dependent family is arbitrary, punitive, and lacks a legitimate government purpose" in violation of his Fifth Amendment right to due process.[16]

The Motion does not discuss the required standards for obtaining emergency relief under Rule 65.  Estrada does not address the likelihood of success on the merits at all, and he only briefly mentions the issues of irreparable harm and balance of interest.[17]  Further, Estrada cites no legal authority—nor is the court aware of one—for the proposition that a court may enjoin the transfer of an immigration detainee to an immigration detention center in another state on the various grounds he proposes.  The court is not unsympathetic about Petitioner's circumstances, but absent discussion of the standards for obtaining a TRO and attendant legal authority, Estrada fails to make a clear and convincing showing that he is entitled to the extraordinary injunctive relief sought.

---

[14] *Nken v. Holder*, 556 U.S. 418, 434 (2009).

[15] *Id.* at 435.

[16] *Motion* at 2.

[17] *See id.* at 2–3.

3

**CONCLUSION**

For the reasons discussed above, the court DENIES the Motion.[18]

SO ORDERED this 2nd day of July 2026.

BY THE COURT

_____

JUDGE ROBERT J. SHELBY
United States District Court

---

[18] Dkt. 2.