THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FERNANDO OLGUIN ESTRADA<br><br>Petitioner,<br><br>v.<br><br>PURGATORY CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | **ORDER**<br><br>4:26-cv-00072<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Fernando Olguin Estrada's Petition for Habeas Corpus.[1] For the reasons set forth below, the court denies the Petition.

## BACKGROUND

Estrada is an undocumented noncitizen residing in Utah.[2] Petitioner suffers from Myositis, a chronic autoimmune disease that causes progressive muscle weakness and pain.[3] Additionally, Estrada has three children in Utah who are deaf and dependent on him for basic care and daily survival.[4]

On June 26, 2026, Estrada was detained by Immigration and Customs Enforcement (ICE) agents.[5] He is currently held at Purgatory Correctional Facility in Utah.[6] Estrada believes ICE

[1] Dkt. 1, *Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241* (*Petition*). Estrada incorporates into the Petition arguments from Dkt. 2, *Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and Emergency Motion to Stay Imminent Inter-District Transfer* (*Motion*).

[2] *Petition* at 6; *see also Motion* at 1.

[3] *Petition* at 6.

[4] *Id; Motion* at 2.

[5] *Motion* at 1.

[6] *Petition* at 1.

intends to imminently transfer him to the Northwest ICE Processing Center in Tacoma, WA.[7]

On June 29, 2026, Estrada filed the Petition.[8] Estrada seeks an order requiring Respondents immediately release him from custody, or in the alternative, provide him with an individualized bond hearing before an immigration judge.[9]

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[10] The court may issue a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws . . . of the United States."[11] "[O]nce a petition for writ of habeas corpus is filed, unless the court is of the opinion that the petitioner is not entitled to an order to show cause, the writ must be awarded 'forthwith,' or an order to show cause must be issued."[12] A petitioner is entitled to an order to show cause, "unless it appears from the application that the applicant or person detained is not entitled thereto."[13] Estrada bears the burden of establishing his detention is unlawful.[14]

## ANALYSIS

Estrada asserts three grounds for relief: (1) civil detention of a non-dangerous person in a secure local jail is unconstitutionally punitive, (2) detention deprives Estrada of access to

---

[7] *Motion* at 1.

[8] *Petition.*

[9] *Id.* at 7.

[10] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

[11] 28 U.S.C. § 2241(c)(3).

[12] *Harris v. Nelson*, 394 U.S. 286, 298–99 (1969) (citing 28 U.S.C. § 2243).

[13] 28 U.S.C. § 2243; *see also Alexander v. Daugherty*, 189 F. Supp. 956, 957–58 (D. Wyo. 1960) (citing *Thomas v. Arizona*, 356 U.S. 390 (1958)); *Walker v. Johnson*, 312 U.S. 275, 284 (1941) ("It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer.").

[14] *See Walker v. Johnston*, 312 U.S. 275, 286 (1941).

medical care in violation of his Fifth Amendment due process rights, and (3) depriving Estrada's disabled children of their sole caregiver and economic support structure violates their due process rights.[15] The court considers, and rejects, each argument in turn.

## I. Detention as Unconstitutionally Punitive

Estrada first contends his detention in a secure local jail despite having no criminal background in unconstitutionally punitive.[16] While Estrada cites the Supreme Court decision in *Zadvydas v. Davis*[17] for the proposition that immigration detention is civil and nonpunitive, he provides no authority—nor is the court aware of any—for the proposition that temporarily holding a non-violent immigration detainee in a local county jail constitutes punitive detention.[18] In fact, federal regulations authorize local jails to hold immigration detainees while awaiting transfer to an immigration detention center.[19] Absent any authority holding that such temporary detentions in county jails constitute impermissible punitive confinement, Estrada fails to meet his burden of showing his detention is unlawful.

## II. Medical Access Concerns

Estrada next argues continued detention would deprive him of critical access to medical care for his autoimmune condition in violation of his Fifth Amendment right to due process.[20] However, Estrada does not cite any authority for his argument that immigration detention of a person with significant medical needs may violate one's due process rights and bars detention.

[15] *Petition* at 6, 9; *Motion* at 2–3.

[16] *Petition* at 6, 9; *Motion* at 2–3.

[17] 533 U.S. 678 (2001).

[18] *See generally Petition*; *Motion*.

[19] *See* 8 C.F.R. § 287.7 (providing for immigration "detainers" which advises local law enforcement that federal immigration agents seek custody of an alien and requests the local agency advice, "prior to the release of the alien, in order for the Department to arrange to assume custody").

[20] *Petition* at 6, 9; *Motion* at 3.

While the court is aware of previous rare instances of exceptional circumstances in which courts have ordered the release of immigration detainees due to severe medical considerations (specifically, during the early days of the COVID-19 pandemic),[21] Estrada does not present analogous exigent concerns here today. Estrada states his condition requires "continuous, specialized medical care, frequent medication management, and regular visits with specialized physicians,"[22] but he fails to explain what specific care is not obtainable while in detention. He provides a single paragraph note from his doctor, which confirms his diagnosis and states "heavy labor [is] all but impossible when active or in recovery" and "travelling for work can be difficult with active disease."[23] This documentation does not show a need for the type of continuous medical care which would be unavailable in detention. But even if he could make such a showing, he has failed to identify legal authority establishing this court can order the relief he seeks. Accordingly, Estrada also fails to meet his burden on the issue.

## III. Family Hardship Concerns

Lastly, Estrada contends that continued detention violates his and his family's due process rights because it leaves his disabled children without their primary care giver and support structure.[24] However, Petitioner fails to provide—and the court is unaware of—any authority supporting the proposition that a court may grant habeas relief to an immigration detainee held during removal proceedings on the grounds of extreme family hardship. Absent a clear authority to order release in such circumstances, he fails to meet his burden on this argument.

---

[21] *See Basank v. Decker,* 613 F. Supp. 3d 776, 789–92 (S.D.N.Y. 2020) (ordering the release of a group of immigration detainees with severe risk factors because of the exceptional health risks posed by COVID-19); *Barrera v. Wolf*, 455 F. Supp. 3d 330, 338–40 (S.D. Tex. 2020) (ordering the release of a similar group of immigration detainees because the COVID-19 pandemic posed "exigent circumstances").

[22] *Petition* at 6.

[23] Dkt. 1-2, *Medical Note*.

[24] *Petition* at 6, 9; *Motion* at 3.

**CONCLUSION**

For the reasons discussed above, the court DENIES Estrada's Petition for Habeas Corpus.[25] The Clerk of Court is DIRECTED to close the case.

SO ORDERED this 2nd day of July 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court

[25] Dkt. 1.